FOOD MACHINERY AND CHEMICAL
CORPORATION, Plaintiff-Appellee,

v.

WALKER PROCESS EQUIPMENT, INC.,
Defendant-Appellant.

No. 14466.

United States Court of Appeals
Seventh Circuit.

July 15, 1964.

Rehearing Denied Aug. 14, 1964.

Edward A. Haight, Chicago, Ill., Louis Robertson, Arlington Heights, Ill., John W. Hofeldt, Daniel F. Webb, Jr., Chicago, Ill., for defendant-appellant, Haight, Simmons & Hofeldt, Chicago, Ill., Darbo, Robertson & Vandenburgh, Arlington Heights, Ill., of counsel.

Sheldon O. Collen, R. Howard Goldsmith, Chicago, Ill., Charles W. Ryan, Chicago, Ill., for plaintiff-appellee, Dressler, Goldsmith, Clement, Gordon & Ladd, Friedman, Koven, Salzman, Koenigsberg, Specks & Homer, Chicago, Ill., of counsel.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

The questions before us are whether the district court erred in striking, for failure to state a claim upon which relief could be granted, Rule 12(b) (6), Fed.R.Civ.P., the second amended counterclaim of Walker Process Equipment, Inc., which alleges that Food Machinery and Chemical Corporation violated the federal anti-trust laws by maintaining and enforcing a patent which was obtained through fraud upon the Patent Office; and whether the district court abused its discretion in refusing to award Walker attorney fees after dismissing, with prejudice, Food Machinery's infringement suit on the latter's motion. We think the court did not err in either ruling.

The second amended counterclaim alleged that Food Machinery "illegally monopolized interstate and foreign com-

merce by fraudulently * * * obtaining and maintaining" Lannert patent No. 2,328,655. The fraud alleged was that Food Machinery had knowingly made a false statement under oath to the Patent Office when it filed the patent application and stated that it "does not know and does not believe the same [the invention claimed in the application] was * * * in public use or on sale in the United States for more than one year prior to this application;" when it knew that more than one year prior to its application it had sold and installed equipment containing the combination claimed in the patent; and that the acts complained of deprived Walker of profitable business it would otherwise have had, listing several specific orders it lost because of the patent in suit. Walker requested an award of treble damages, punitive damages, costs, attorney fees and expenses.

The court, in an oral opinion, found that Walker was attempting to use the issue of fraud to do indirectly what it could not do directly, i. e., procure a cancellation of the patent in suit; and concluded no claim was stated upon which it could grant relief.

Walker's suit is based on the theory that since it is illegal under the anti-trust laws to extend the protection of a legally issued patent to obtain a monopoly on an unpatented product, Mercoid Corp. v. Mid-Continent Investment Corp., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944), it should be illegal to secure a monopoly on an unpatentable product by use of a fraudulently obtained patent. Walker candidly admits it "knows of no anti-trust case which has involved the exact violation of the anti-trust laws" alleged in its counterclaim. It concedes that under Mowry v. Whitney, 81 U.S. (14 Wall.) 434, 20 L.Ed. 858 (1871), only the government may "annul or set aside" a patent, but it contends this is not such a proceeding, asserting that "an attack on the validity of a patent," such as here, is totally dissimilar from "an attempt to cancel a patent." It claims that since fraud on the Patent Office can be determined as a matter of defense without violating the concept that only the United States can bring a suit to cancel a patent, Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 65 S. Ct. 993, 89 L.Ed. 1381 (1945), it must follow that determination of such fraud in an anti-trust action is not barred because of that concept. However, besides offering an analogy to the cases involving patent misuse, Walker offers no other support of its claim.

Although patent misuse may be the basis of an independent anti-trust action, Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268 (1944), Walker shows us no case in which the issue of fraud on the Patent Office was used affirmatively in an anti-trust action. And although fraud on the Patent Office may bar recovery by a patentee in an infringement action, Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 65 S.Ct. 993 (1945), Hazel-Atlas Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), fraud may not be the basis of having a patent declared invalid in a declaratory judgment action. E. W. Bliss Co. v. Cold Metal Process Co., 102 F.2d 105 (6th Cir., 1939), I.C.E. Corp. v. Armco Steel Corp., 201 F.Supp. 411 (S.D.N.Y.1961). Neither Hazel-Atlas, nor Precision, nor Mercoid decided, or hinted that fraud on the Patent Office may be turned to use in an original affirmative action, instead of as an equitable defense.

Since Walker admits that its anti-trust theory depends on its ability to prove fraud on the Patent Office, it follows that the district court was correct in deciding that Walker's second amended counterclaim failed to state a claim upon which relief could be granted.

The district court analyzed Walker's case and the applicable law when ruling on Walker's motion for fees. This analysis obviates the idea of arbitrari-

ness. And we are further of the opinion that the record would not warrant a finding that this is an "exceptional" case. 35 U.S.C. § 285.[1] Aerosol Research Co. v. Scovill Mfg. Co., 334 F. 2d 751 (7th Cir., decided June 3, 1964).

For the reasons given, the order disallowing the fees, and the judgment on the counterclaim are affirmed.

---

1. 35 U.S.C. § 285 provides that "The court in exceptional cases may award reasonable attorney fees to the prevailing party."